UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TAMMERA SMITH,

                 Petitioner,

vs.                                 Case No. 3:13-cv-129-J-39MCR

SECRETARY, DOC, et al.,

                 Respondents.

_____

**ORDER**

## I.  STATUS

Petitioner Tammera Smith challenges a 2006 (Hamilton County) conviction for aggravated battery with a weapon in her "Person in State Custody Application for Habeas Corpus Under 28 U.S.C. § 2254" (Petition) (Doc. 1).  She raises four grounds for habeas relief. The Court will address each ground, Clisby v. Jones, 960 F.2d 925, 936 (11th Cir. 1992), Dupree v. Warden, 715 F.3d 1295, 1298 (11th Cir. 2013); however, upon review of the record, no evidentiary proceedings are required.

Respondents filed a Response to Petition for Habeas Corpus (Response) (Doc. 15), asserting Petitioner is not entitled to habeas relief.  They also submitted Appendices in support thereof.[1] Petitioner filed a Traverse to Response to Order to Show Cause

_____

[1] The Court hereinafter refers to the exhibits contained in the Appendices (Docs. 16 & 17) as "Ex."  Where provided, the page numbers referenced in this opinion are the Bates stamp numbers at the bottom of each page of the Appendix.  Otherwise, the page number on the particular document will be referenced.

(Doc. 20).   See Order (Doc. 12).   Respondents calculate the Petition is timely filed.   Response at 2.

## II.   STANDARD OF REVIEW

Petitioner's claims will be analyzed by this Court pursuant to 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act (AEDPA).   "By its terms [28 U.S.C.] § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to th[re]e exceptions."   Harrington v. Richter, 562 U.S. 86, 98 (2011).   These designated exceptions are: (1) the state court's decision was contrary to clearly established federal law; or (2) there was an unreasonable application of clearly established federal law; or (3) the decision was based on an unreasonable determination of the facts.   Id. at 100.

In its review, the Court will give a presumption of correctness of the state courts' factual findings unless rebutted with clear and convincing evidence.   28 U.S.C. § 2254(e)(1).   Also of import, the Court will apply this presumption to the factual determinations of both trial and appellate courts.   See Bui v. Haley, 321 F.3d 1304, 1312 (11th Cir. 2003).

## III.   PROCEDURAL HISTORY

To provide historical context to Petitioner's claims, a brief summary of the state criminal case is provided.   On September 22, 2005, Petitioner was charged by information with aggravated battery: great bodily harm, with a weapon (a knife).   Ex. A at 1.

The trial court appointed J. Reuben Hamlin as counsel for Petitioner when the public defender withdrew. Id. at 57-58.

Defense counsel filed a Demand for Discovery, requesting that he be allowed to inspect, copy, test and photograph the information and material within the state's possession or control. Id. at 59. On several occasions, he moved to continue the case in order to complete depositions and preparation for trial. Id. at 60-66. Counsel also moved for transcriptions of the depositions of the state's witnesses. Id. at 67-69. On August 22, 2006, defense counsel listed the following witnesses for trial: Mary Howell [sic], Jeremiah Jones, Kelton Johnson, and Carlos Johnson. Id. at 70.

The jury trial began on August 30, 2006. Ex. D. During the course of the trial, on August 30, 2006, a juror, Sabrina Marshall, asked to speak to the trial judge. Ex. E at 127. She related: "I just found out that I am related to Ms. Allen [the victim]. She has never met me and I have never met her, but she is my cousin through my father." Id. Ms. Marshall said she had been gone for a long time, and she discovered the grandmothers are sisters. Id. at 127-28. Upon inquiry, Ms. Marshall stated that she would be able to be fair and impartial. Id. at 128. She added that she "just found out a few minutes ago." Id. Both the prosecutor and defense counsel stated that there was no legal ground to object or request a change. Id. at 128-29. Mr. Hamlin told the court that

- 3 -

his client would prefer that the juror be dismissed, but Mr. Hamlin said he told her he had no legal basis to object to the juror.  Id. at 129.  The court agreed that there was no legal basis to object to Ms. Marshall.  Id.

On August 30, 2006, the jury returned a verdict of guilty to aggravated battery as charged in the information and found that there was a weapon.  Ex. A at 71; Ex. E at 289.  The court adjudicated Petitioner guilty and sentenced her to fifteen years of imprisonment followed by fifteen years of probation.  Ex. F at 21; Ex. A at 77-84.

Thereafter, Petitioner appealed her conviction.  Ex. A at 99; Ex. G; Ex. H; Ex. I; Ex. J.  On April 23, 2008, the First District Court of Appeal affirmed with an opinion.  Ex. K.  Petitioner moved for rehearing and rehearing en banc.  Ex. L.  On May 21, 2008, the First District Court of Appeal denied rehearing and rehearing en banc.  Ex. M.  The mandate issued on June 6, 2008.  Ex. N.  The Supreme Court of Florida denied discretionary review.  Ex. O.

On August 7, 2009, Petitioner filed a 3.850 Motion for Post-Conviction Relief.  Ex. P, Motion for Post Conviction Relief and Memorandum.  The trial court entered an order denying grounds three and five, and scheduling an evidentiary hearing on grounds one, two, and four.  Ex. P, Order Regarding Motion for Post Conviction Relief.  The trial court conducted an evidentiary hearing on November 2, 2011, and Petitioner was represented by counsel.  Ex.

P, Motion Hearing.  The trial court, on December 22, 2011, denied the motion for post conviction relief.  Ex. P, Order Denying Motion for Post Conviction Relief.

Petitioner appealed.  Ex. P, Notice of Appeal.  Petitioner filed an appeal brief.  Ex. Q.  The state filed a notice that it did not intend to file an answer brief.  Ex. R.  Petitioner filed a Notice of Supplemental Authority.  Ex. S.  On November 15, 2012, the First District Court of Appeal affirmed per curiam.  Ex. T. The mandate issued on December 11, 2012.  Id.

## IV.  FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A.  Ground One

In ground one, Petitioner claims she received the ineffective assistance of trial counsel for failure to convey a favorable plea offer before rejecting it without the Petitioner's knowledge. Petition at 4.  In this ground, Petitioner asserts that she received the ineffective assistance of counsel in violation of the Sixth Amendment to the United States Constitution.  In order to prevail on this Sixth Amendment claim, she must satisfy the two-prong test set forth in Strickland v. Washington, 466 U.S. 668, 688 (1984), requiring that she show both deficient performance (counsel's representation fell below an objective standard of reasonableness) and prejudice (there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different).

Petitioner exhausted this ground in the state court proceedings. <u>See</u> Response at 3. She raised this claim in ground one of her Rule 3.850 motion. Ex. P, Motion for Post Conviction Relief at 2-3. After conducting an evidentiary hearing, the trial court denied relief on this ground. Ex. P. The First District Court of Appeal affirmed. Ex. T.

Of note, the trial court referenced the applicable two-pronged standard as set forth in <u>Strickland</u> as a preface to addressing Petitioner's claims of ineffective assistance of counsel. Ex. P, Order Denying Motion for Post Conviction Relief at 1-2. Thus, the court was well-aware of the applicable standard.

In addressing the first ground, the court summarized the testimony presented at the evidentiary hearing with regard to ground one. <u>Id</u>. at 2-3. In denying ground one, the court said:

> The allegations in Ground One boil down to an issue of credibility. The Defendant testified that Mr. Hamlin failed [to] convey any plea offer to her. In contrast, Mr. Hamlin testified that the State's offer was conveyed. To support this statement, a letter from Mr. Hamlin to the Defendant was introduced which discussed a plea offer. Similarly, Mr. Hamlin testified it was his general practice to relay plea offers to his clients. Accordingly, this Court finds Mr. Hamlin's testimony to be more credible. Thus the Court finds the Defendant's Ground One to be without merit. Hence, the Defendant has failed to demonstrate ineffective assistance of counsel. Accordingly, Ground One is **DENIED**.

<u>Id</u>. at 5.

At the evidentiary hearing, defense counsel testified that he sent a copy of the plea offer to Petitioner.  Ex. P, Motion Hearing at 13-14.   He mentioned sending a letter to Petitioner dated January 26, 2006, and enclosing a copy of a plea offer from the state.  Id.; Ex. P, Letter & Offer of Plea.  Defense counsel testified that he discussed the plea offer in detail with Petitioner in the Board of County Commissioner's Room.  Ex. P, Motion Hearing at 15.   Defense counsel further stated that Petitioner appeared to understand the contents of the plea offer, which included prison time followed by probation, and she soundly rejected the offer as she "was adamant that she had not committed the crime and was not going to take an offer for something she did not do."  Id.  Finally, defense counsel attested that he discussed with Petitioner the possible maximum sentence that she could receive if she were found guilty.  Id. at 16.

In evaluating the performance prong of the Strickland ineffectiveness inquiry, the Court recognizes that there is a strong presumption in favor of competence.   The inquiry is "whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance."  Strickland, 466 U.S. at 690.   "[H]indsight is discounted by pegging adequacy to 'counsel's perspective at the time' . . . and by giving a 'heavy measure of deference to counsel's judgments.'"  Rompilla v. Beard, 545 U.S. 374, 381 (2005) (citations omitted).

- 7 -

Upon review, the record includes copies of defense counsel's letter to Petitioner and the referenced plea offer. The transcript of the evidentiary hearing contains defense counsel's testimony that he provided Petitioner with a copy of the plea offer, they thoroughly discussed the plea offer, and Petitioner rejected the offer. Also, counsel testified that he advised Petitioner of the maximum penalty she faced. Not only has Petitioner failed to show deficient performance, she has failed to show that she was prejudiced by counsel's performance.

Of note, the court specifically found that "[c]ounsel is well-qualified and experienced in the practice of law." Ex. P, Order Denying Motion for Post Conviction Relief at 5. The court also found that "[t]he Defendant is a convicted felon, and has a strong desire to be released from prison. This desire creates a motive for the Defendant to give inaccurate testimony." Id. As such, the trial court credited defense counsel's testimony. Id.

There was no unreasonable determination of the facts in light of the evidence presented in the state court proceedings. 28 U.S.C. § 2254(d)(1). See Landers v. Warden, the Attorney General of the State of Ala., 776 F.3d 1288, 1298 (11th Cir. 2015) (addressing the issue of resolving a credibility dispute on the basis of dueling affidavits). Also, Petitioner has not overcome the presumption of correctness of the state court's factual findings. 28 U.S.C. § 2254(e)(1). There was no unreasonable application of clearly established law in the state court's

decision to reject the <u>Strickland</u> ineffectiveness claim. Petitioner is not entitled to relief on ground one of the Petition, the claim of ineffective assistance of trial counsel. Deference, under AEDPA, should be given to the state court's decision. Petitioner raised the issue in her post conviction motion, the trial court denied the motion, and the appellate court affirmed. This Court concludes that the state court's adjudication of this claim is not contrary to or an unreasonable application of <u>Strickland</u>, or based on an unreasonable determination of the facts.

## B. Ground Two

In her second ground, Petitioner claims her trial counsel was ineffective for failure to call, interview, or investigate witnesses. Petition at 5. She specifically mentions counsel's failure to call Doug House, an allegedly available witness, a person she claims would have testified that he was a witness to the offense and Petitioner was not present. <u>Id</u>. Petitioner further states that she was unable to procure "multiple witnesses" on short notice. <u>Id</u>. at 5-6.

In her Rule 3.850 motion, Petitioner named five witnesses whom she alleged witnessed the incident and would have testified that Petitioner was not part of the attack. These alleged witnesses were George Curry, Ernestine Williams, Conny Henry, Christine Jones, and Doug House. Ex. P, Motion for Post Conviction Relief at 3-4. The trial court, in its order denying the motion after the

evidentiary hearing, summarized the pertinent testimony of

Petitioner as follows:

> At the hearing, the Defendant testified that during a pre-trial court date, she gave Mr. Hamlin a list of witnesses that she desired to be called during the trial. *Transcript 8.* The Defendant named these witnesses as Mary House, Christina Jones, and Carols [sic] Johnson. *Transcript 8-9.* The Defendant testified that, to her knowledge, Mr. Hamlin never talked to or deposed any of these witnesses. *Transcript 9.* The Defendant further testified that she gave additional names of witnesses to Mr. Hamlin including George Curry, Doug House, Ernestine Williams, and Connie Bristol on the night before trial. *Transcript 9-10.* The Defendant testified she believed that Mr. Hamlin never talked to these witnesses either. *Transcript 10.* According to the Defendant, prior to the court date which the Defendant gave the first group of witnesses to Mr. Hamlin, Mr. Hamlin never asked the Defendant for any witnesses or emphasized a need for securing such witnesses. *Transcript 10-11.*

Ex. P, Order Denying Motion for Post Conviction Relief at 3.

The trial court summarized defense counsel's testimony as

follows:

> Mr. Hamlin testified that he deposed all the witnesses that were known in this case. *Transcript 18.* Mr. Hamlin further testified that he did his best to receive the names of all the possible witnesses from the Defendant. *Transcript 18.* Mr. Hamlin explained that the evidence against the Defendant was strong and, therefore, witnesses were very important to refute the State's case. *Transcript 18.* Mr. Hamlin acknowledged that there were a lot of people around the crime scene, however, they did not have anyone come forward with favorable testimony for the defense until one favorable witness called Mr. Hamlin a week before trial. *Transcript 18-19.* Mr. Hamlin

- 10 -

testified that he did not remember which witnesses he ended up using during the trial. *Transcript at 19-20.* Mr. Hamlin acknowledged that the Defendant gave him the names and addresses of other witnesses. *Transcript 19-20.* However, based upon his discussions with the Defendant, Mr. Hamlin concluded that these witnesses were not valuable because they could not address the key issue in this case - who was responsible for cutting the victim. *Transcript 20.* Therefore, because Mr. Hamlin believed the witnesses named by the Defendant could not speak to this issue, Mr. Hamlin did not depose or call these people during the trial. *Transcript 20.*

On cross, Mr. Hamlin testified that he did not depose or talk to the witnesses named by the Defendant. *Transcript 24.* Mr. Hamlin explained he discussed with the Defendant what testimony these witnesses could provide. *Transcript 24.* Mr. Hamlin testified that the only witness he believed to possess favorable testimony was the one that contacted Mr. Hamlin directly. *Transcript 25.*

Ex. P, Order Denying Motion for Post Conviction Relief at 4.

The trial court denied relief providing this explanation:

This Court concludes that the Defendant has failed to establish ineffective assistance in Ground Two. Mr. Hamlin explained that he chose not to depose or call the witnesses named by the Defendant because the Defendant herself advised Mr. Hamlin what testimony these witnesses were able to convey. Because the key issue in this case was who was responsible for cutting the victim during the fight and since Defendant advised Mr. Hamlin that these witnesses could not testify to this issue, Mr. Hamlin chose not to contact these witnesses. In other words, because these witnesses could not speak to the relevant issue, whether the Defendant was responsible for the knife attack, Mr. Hamlin felt contacting these witnesses would not be beneficial to the Defendant's case. Hence, this Court finds this to be a strategic

- 11 -

> decision of Mr. Hamlin. Furthermore, Mr.
> Hamlin testified that he emphasized to the
> Defendant the need to find witnesses that
> could provide testimony regarding who actually
> stabbed the victim. Accordingly, this Court
> finds Mr. Hamlin was acting as a reasonable
> prudent attorney in his case. Furthermore, at
> the evidentiary hearing, the Defendant did not
> call the witnesses she alleged in her motion
> to hold favorable testimony. Failure to
> secure the testimony of these witnesses
> suggests that the Defendant's Ground Two
> allegations are disingenuous. Accordingly,
> this Court concludes that the Defendant has
> not met her burden of establishing ineffective
> assistance of counsel. Accordingly, Ground
> Two is **DENIED**.

Id. at 5.

Of importance, in denying ground two of the Rule 3.850 motion, the court recognized the standard for ineffectiveness as set forth in Strickland by referencing the seminal case and quoting the applicable standard, and rejected Petitioner's claim finding Petitioner failed to meet her burden in establishing ineffective assistance of trial counsel. Id. at 1-2, 5. Thus, the trial court rejected Petitioner's Sixth Amendment claim of ineffective assistance of counsel. The First District Court of Appeal affirmed the decision of the trial court. Ex. T.

Petitioner has not shown that a reasonable probability exists that the outcome of the proceeding would have been different if her lawyer had given the assistance that Petitioner has alleged should have been provided. As noted by the trial court, Petitioner failed to present the witnesses at the evidentiary hearing she submitted would have provided favorable testimony. Also of note, at trial

- 12 -

defense counsel actually called Carlos Johnson, Nakia Dye, Tina Denise Johnson, Mary House, and Petitioner.  For the defense, Carlos Johnson testified that he did not see Petitioner involved in the fight.  Ex. E at 132-35, 140.  Nakia Dye testified that Petitioner was not there during the fight, and she did not show up until afterwards.  Id. at 152-53, 163.  Tina Denise Johnson testified that she did not see Petitioner during the fight.  Id. at 183, 194.  Finally, Mary House testified that she did not see Petitioner that evening.  Id. at 216, 222.

Therefore, the record supports the trial court's conclusion that counsel made sound strategic decisions in preparing for trial and defended Petitioner well within the range of professional competence.  Indeed, "[t]here are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way."  Strickland, 466 U.S. at 689.

Accordingly, Petitioner's ineffectiveness claim is without merit since she has neither shown deficient performance nor resulting prejudice.  She is not entitled to relief on ground two of the Petition, the claim of ineffective assistance of trial counsel.  Deference under AEDPA should be given to the state court's decision.  Petitioner raised the issue in his Rule 3.850 motion, the trial court denied the motion, and the appellate court affirmed.  The state court's adjudication of this claim is not

contrary to or an unreasonable application of <u>Strickland</u>, or based on an unreasonable determination of the facts.

## C.  Ground Three

In ground three, Petitioner claims her trial counsel was ineffective for failure to object to a specific juror, Ms. Marshall, after the juror disclosed that she was related to the victim.  Petition at 6.  While first recognizing the two-prong test for evaluating claims of ineffective assistance of counsel as set forth in <u>Strickland</u>, the trial court rejected this claim without an evidentiary hearing.  Ex. P, Order Regarding Motion for Post Conviction Relief at 1-3.  The trial court held:

> Under Ground Three, the Defendant argues counsel was ineffective for failing to object to one of the jurors in her case. Specifically, the Defendant contends that this juror was related to the victim and, despite this, counsel failed to object to this juror. The argument is without merit.  First, the Defendant has failed to establish this juror held an actual bias against the Defendant. <u>See</u> <u>Johnston v. State</u>, 36 Fla. L. Weekly S122 (Fla. 2011) (To be entitled to relief on postconviction claim of juror bias, the defendant must show that the juror was actually biased, not merely that there was doubt about her impartiality.).  Second, this issue was addressed at trial. *Transcript 127-129*.  After relaying her relationship to the Court, the issue was discussed in chambers. The juror explained that "I just found out that I am related to [the victim]." *Transcript 127*.  The juror further explained that the victim was her cousin through her father but that she had never met the victim before. *Transcript 127*.  The juror further acknowledged that she would be able to remain fair and impartial. *Transcript 128*. At [sic] the juror left chambers, counsel acknowledged

- 14 -

that the defendant preferred to have the juror stricken. *Transcript 129*. Despite this, counsel conceded that there was not a legal ground to challenge [the] juror. *Transcript 129*. This Court agrees. "The test for determining juror competency is whether the juror can lay aside any bias or prejudice and render a verdict solely on the evidence presented and the instructions on the law given by the court." Busby v. State, 894 So.2d 88, 95 (Fla. 2004). The juror expressly explained that her relationship with the victim would not affect her impartiality. Therefore, as there was no legal basis to challenge the juror, any objection by counsel would have been denied. Hence, this argument lacks merit and counsel cannot be ineffective for failing to raise a meritless claim. Dailey v. State, 965 So.2d 38 (Fla. 2007). Accordingly, Ground Three is **DENIED**.

Ex. P, Order Regarding Motion for Post Conviction Relief at 3.

Petitioner has not referenced any expression of bias on the part of juror Marshall. Brown v. Sec'y, Doc, No. 2:10-CV-304-FTM29, 2013 WL 2147794, at *9 (M.D. Fla. 2013) (Not Reported in F.Supp.2d) (rejecting an ineffectiveness claim when there was no showing of bias on the part of jurors that were not challenged by counsel). Petitioner simply states that she was "not comfortable" with Ms. Marshall serving on the jury. Petition at 6. Petitioner has not shown that defense counsel's failure to object to this juror was deficient or that it caused her prejudice. In light of these circumstances, defense counsel's performance was not outside the wide range of professional competence. Furthermore, Petitioner has failed to satisfy the prejudice prong of Strickland.

The circuit court applied the appropriate standard, and found Petitioner was not entitled to post conviction relief on this ground. The appellate court affirmed the circuit court's decision. Ex. T. Thus, the decision to deny this ground is entitled to AEDPA deference. Upon review, there was no unreasonable application of clearly established law in the state court's decision to reject the Strickland ineffectiveness claim. The decision was not contrary to clearly established federal law and was not based on an unreasonable determination of the facts. Petitioner is not entitled to habeas relief on ground three.

## D. Ground Four

In her fourth and final ground, Petitioner claims that she received the ineffective assistance of counsel based on counsel's failure to inform her of the maximum potential penalty if she rejected the plea offer. In addressing this ground after the evidentiary hearing, the trial court noted the relevant testimony of defense counsel at the evidentiary hearing:

> At the hearing, the Defendant testified that Mr. Hamlin never advised her about the maximum possible sentence. *Transcript 7-8.* In contrast, Mr. Hamlin testified that he had discussed the maximum possible sentence with the Defendant. *Transcript 16.* Mr. Hamlin further testified he believed the maximum sentenced was indicated on the plea offer. *Transcript 12.* However, as noted during the defense's closing, the plea offer simply stated the Defendant was charged with an "F1/L8" offense. *State's Exhibit 2; Transcript 27.* The form does not explain what type of sentence is associated with this level offense. *State's Exhibit 2; Transcript 27.*

- 16 -

Ex. P, Order Denying Motion for Post Conviction Relief at 4.

Once again, the court found defense counsel's testimony more credible than that of Petitioner.  The court explained:

> The allegations in Ground Four boil down to an issue of credibility.  The Defendant testified that she was never advised of her maximum possible sentence.  In contrast, Mr. Hamlin testified that information regarding the maximum possible sentence was conveyed to the Defendant.  Given the nature of the proceeding, this Court finds the testimony of Mr. Hamlin more credible.  The Defendant is a convicted felon that has a strong motive to provide inaccurate testimony in this case.  Mr. Hamlin does not have a similar motive.  Similarly, this Court takes into account the fact that the Defendant testified under oath a plea offer was never conveyed to her by Mr. Hamlin, yet Mr. Hamlin produced a letter where such information was disclosed.  Accordingly, this Court concludes that the Defendant has not met her burden of establishing ineffective assistance of counsel.  Accordingly, Ground Four is **DENIED**.

Id. at 5-6.

Again, at the evidentiary hearing defense counsel testified that he sent the plea offer to Petitioner.  Ex. P, Motion Hearing, at 14.  He also attested that it was his practice to include a score sheet with the offer.  Id. at 14-15.  He also testified that he discussed the plea offer with Petitioner in detail.  Id. at 15.  He also remembered that Petitioner soundly rejected the offer and insisted on going to trial.  Id.  Finally, he responded in the affirmative to the question as to whether he had discussed the possible maximum sentence that Petitioner could receive if she were found guilty.  Id. at 16.  The trial court credited defense

- 17 -

counsel's testimony in rejecting ground four of the Petition.  The First District Court of Appeal affirmed.  Ex. T.

Upon review, there was no unreasonable determination of the facts in light of the evidence presented in the state court proceedings.  28 U.S.C. § 2254(d)(1).  In this instance, Petitioner has not overcome the presumption of correctness of the state court's factual findings.  28 U.S.C. § 2254(e)(1).  There was no unreasonable application of clearly established law in the state court's decision to reject the Strickland ineffectiveness claim. Deference, under AEDPA, should be given to the state court's decision.  Petitioner raised the issue in her post conviction motion, the trial court denied the motion, and the appellate court affirmed.  This Court concludes that the state court's adjudication of this claim is not contrary to or an unreasonable application of Strickland, or based on an unreasonable determination of the facts. Thus, Petitioner is not entitled to relief on the fourth ground of her Petition.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1.    The Petition (Doc. 1) is **DENIED**, and this action is **DISMISSED WITH PREJUDICE**.

2.    The **Clerk of the Court** shall enter judgment accordingly and close this case.

3. If Petitioner appeals the denial of her Petition, **the Court denies a certificate of appealability**.[2] Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida, this 22nd day of June, 2015.

_____
BRIAN J. DAVIS
United States District Judge

sa 6/18
c:
Tammera Smith
Counsel of Record

---

[2] This Court should issue a certificate of appealability only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Upon due consideration, this Court will deny a certificate of appealability.

- 19 -